November 9, 1908.

————o————

No. 4509.

(Court of Appeal, Parish of Orleans.)

HENRY L. NICK VS. PRESTON F. HALL.

Certain real property was adjudicated at a judicial sale to one who

had never consented to be the owner of it or to incur the liability of his part which would have resulted had he become the adjudicatee. He had never signed the deed of sale and had never assumed ownership of the property. He never had the least right. title or interest in or to the property or the proceedings which provoked the sale. The property belonged to another who had not authorized the adjudication to be made in the other's name. The latter had no connection with the transaction from beginning to end except that subsequent to the adjudication he executed a counter-letter disclaiming that he had not then or ever had any interest in the property and that it was really and truly the property named in the counter-letter. Subsequently and before the registry of the counter-letter the wife of the ostensible owner died, leaving a minor child, the issue of her marriage with the apparent owner. This minor asserts title ,as owner, to that portion of the property falling to him as the heir of his deceased mother and claims a legal mortgage on so much of the property as goes to the father, the apparent owner.

HELD: That under the exceptional state of facts and exceptional conditions exhibited by the record and freed as they are from all questions of fraud or wrong-doing, the good faith of all parties being conceded, the minor, may assert no greater rights on or to the property than culd his father, the apparent owner.

Appeal from Civil District Court, Division "D."

A. B. Leopold, Lemle & Saal, for Plaintiff and Appellant.

R. H. Marr, Attorney and Tutor Ad Hoc.

MOORE, J. This was a suit to compel specific performance of a contract of promise of sale of real estate; acceptance of title, as tendered, being objected to on the ground that a portion of the property is owned not by the plaintiff but by a minor who has likewise a legal mortgage on another portion.

From a judgment rejecting plaintiff's petition he prosecutes this appeal. The facts, about which there is no dispute, are, that the American Brewing Company being the holder and owner of the certain notes executed by Reinhardt Martin and which were secured by mortgage on the property in question, placed same in the hands of its regular attorney, Mr. Gustave Lemle, for suit, who, without consulting Mr. Urban Koen instead of in the name of the American Brewing Co. At the public offering of the property it was bid in by Mr. Lemle for account of Urban Koen as the last and highest bidder.

Mr. Koen at no time had any interest in the notes foreclosed upon or in the property which was adjudicated in the suit, though the title to the same was, by direction of Mr. Lemle, placed in his name, nor was he aware, when the adjudication was made that it was proposed to make him appear as the adjudicatee. He had not expended, nor was it expected or intended that he would expend a cent for taxes, costs, purchase price or for any other purpose whatsoever concerning the transaction. The Brewing Company had not authorized Mr. Lemle to institute proceedings in the name of Koen nor was he authorized either by the Company or by Mr. Koen to place the property in the latter's name. The Sheriff's deed was not signed by Koen and there is no evidence anywhere connecting him, to this day, with the adjudication besides the recitals of the deed to which he was not a party, and a counter-letter, which he subsequently signed, declaring that he had not and never had any interest in said property or any part thereof and that the property "is really and truly the property of the American Brewing Company who furnished the funds wherewith the purchase of said property was made x x x."

This counter letter was not recorded until September 14, 1904, long after the Sheriff's adjudication and about three months prior to plaintiff's purchase of this property from the American Brewing Co.

Subsequently, to-wit: On the 1st of October, 1906, the contract of promise of sale was entered into between the plaintiff and the defendant Hall. At the time of the adjudication to Koen his wife was living and the community of acquets and gains still existed between them. She subsequently died, but her demise was some nine months *prior* to the sale of the property by the Brewing Company to plaintiff and some twelve months *prior* to the registry of the counter letter. She left as her sole heirs the issue of her marriage with Koen, three in number, two of whom were minors. Urban Koen and his three children, the issue of his marriage aforesaid, are made parties to this suit.

He and the major heir and one of the former minors, now duly emancipated, make answer and say that: "Neither the father, Urban Koen, nor the community of acquets and gains

existing between said Urban Koen and his deceased wife were or are the owners of the property described in plaintiff's petition; that said property was placed in the name of said Urban Koen merely for convenience, the title thereto really being in the American Brewing Co. of New Orleans, it having furnished the money wherewith to pay the purchase price of said property," and they pray: "That the demand of plaintiff may be granted."

The minor, U. B. Koen, by the duly appointed tutor *ad hoc* files simply a general denial. His contention, however, is that as the property was acquired by Koen during the marriage it fell into the community and that, as a consequence, the minor, *eo instanti* the death of his mother, became the owner of the undivided one-sixth thereof, his legal mortgage likewise attaching to the share and portion of the property falling to his father. If in point of fact the property whilst it stood on the records in the name of Urban Koen had ever belonged to him, or if he had consented or agreed to take title in his name and had assumed ownership over it, or if the actual owner, the American Brewing Co. had itself placed or had duly authorized the placing of the title to the property in Koen's name and then permit it to stand on the record in his name, the contention of the tutor ad hoc would have much force. But as we have stated, the property never belonged to Koen; he never consented to be the owner of it or to incur the liability on his part which would have resulted had he become the adjudicatee at the judicial sale; he had never assumed ownership over it, but on the contrary in the only instrument connecting him with the title he had recognized the property to belong to the American Brewing Co.; nor had the actual and true owner, the American Brewing Co., placed the title in Koen's name or authorized any one to so place it. As admitted by all parties, Mr. Lemle brought the suit in the name of Koen who had no interest in the transaction of any kind whatsoever, from beginning to end, and had the property adjudicated to him on his, Mr. Lemle's own motion, without the authority of either the Brewing Co. or Koen, though in so doing he was acting in good faith and for his client's interest. This case presents all the exceptional state of facts and exceptional conditions which were present in Succession of

Manson 51 A. 130; like it, it is freed from all questions of fraud or wrong doing, the good faith of all parties being conceded and, *mutatis mutandis*, this might be considered the same case. In that case which was cited, approved and followed in Douglas vs. Douglas, 51 A. 1455, and in Childs vs. Sheriff, 107 La. 271, it was held that the mortgage in favor of minors upon the property of their natural Tutors to secure the fidelity of the Tutor's administration attaches to the property of the Tutors, not that *apparently* belonging to them, adding: "There may be cases where the mortgage would attach to property so circumstanced but there are others where the mortgage should not be made to extend beyond the exact terms of the law."

The exceptional state of facts and conditions in that case, with which the instant case is similar, coupled with the additional fact that "neither this minor, nor any one acting in her behalf has dealt with" (the parent) "on strength of the records showing the latter to be the ostensible owner of the property," impelled the Court to hold that "it would be unjust and inequitable under the circumstances developed by the evidence to hold this property to have ever been affected by the minor's mortgage."

There is no difference, in principle, in denying the right of ownership in the minor to a portion of the property and in denying his right of mortgage on another portion of it.

The instant case is distinguished from that of McGovern vs. McGovern, IV Court of Appeal Reports p. 28, recently decided by us, in that no exceptional facts or conditions were developed by the record in that case. There the property was put in the name of another with the consent of the real owner and of the person substituted, the latter signing the act of sale and assumed ownership.

Our conclusion is that the minor, U. B. Koen, has no right title or interest in the property in question, or any part or portion thereof, whther of ownership or of mortgage; that the title tendered is good and perfect and that specific performance of the contract of promise of sale must be ordered.

It is therefore ordered, adjudged and decreed that the judgment appealed from be and the same is hereby set aside, annulled and reversed, and it is further ordered, adjudged and

decreed that plaintiff have judgment against the defendants declaring that the minor, Urban B. Koen, has no right, title or interest in the property described in plaintiff's petition whether of ownership or of mortgage; that Urban Koen and his children, Celestine L. Koen, wife of Raphael Ross, and Marie C. Koen, a duly emancipated minor, which children, together with the minor, Urban B. Koen, are the lawful sole issue of the marriage of Urban Koen with his deceased wife, Celestine Schnieder, have no right, title or interest in or to any part or portion of said property; that the title tendered by the plaintiff, Henry L. Nick, to the defendant, Preston F. Hall, is good and valid and the said Hall is hereby ordered and condemned to accept title and sign the proper act of conveyance from said Nick for said property and to pay the agreed price therefor, to-wit, the sum of thirteen hundred and fifty dollars cash. The costs of both Courts to be taxed against the defendants and appellees.

November 9, 1908.